IN THE MATTER OF: RALPH CLAPP ROGERS, RESPONDENT

No. 859DC699

(Filed 3 December 1985)

**Insane Persons § 11— commitment of criminal defendant—removal of requirement of hearing before release—error**

> The trial court erred by concluding that the provisions of House Bill 95 should no longer be applicable to respondent where respondent had been charged with murder and a crime against nature in 1975, found incapable of proceeding to trial and involuntarily committed to Umstead Hospital, a court in 1982 had ordered respondent committed for an additional 365 days or until such time as he was discharged according to law, the court ruled in an amended order that respondent was subject to the provisions of House Bill 95 as codified in N.C.G.S. 122-58.8 *et seq.* (1981) (Supp. 1983), the court in 1984 dismissed all criminal charges against respondent on the grounds that he lacked capacity to proceed to trial and would never regain capacity to proceed, and a court in 1985 removed the House Bill 95 designation. The provisions of N.C.G.S. 122-58.13(b) (Supp. 1983) requiring notice and hearing prior to release from involuntary commitment apply in every case where respondent was initially committed after a judicial determination of not guilty by reason of insanity or incapacity to proceed to trial; furthermore, these provisions remain in effect throughout a respondent's commitment. N.C.G.S. 15A-1001 *et seq.* (1983).

WRIT of Certiorari and Supersedeas granted to the State 3 May 1985 from *Allen (C. W.), Judge.* Order entered 17 March 1985 in District Court, GRANVILLE County. Heard in the Court of Appeals 18 November 1985.

This is a proceeding instituted by respondent to remove the "House Bill 95" designation under which he was committed as a patient to John Umstead Hospital.

In 1975, respondent was charged with murder and a crime against nature. Subsequently, he was found incapable of proceeding to trial, and he was, thereafter, involuntarily committed to John Umstead Hospital. He remained so committed until 1982, at which time the trial court ordered that respondent be committed for an additional "365 days or until such time as he is discharged according to law." In an amended order, the trial court ruled that respondent was subject to provisions of "House Bill 95" as codified in G.S. 122-58.8 *et seq.* (1981 and Supp. 1983). On appeal, this Court affirmed the order of the trial court. *In re Rogers,* 63 N.C. App. 705, 306 S.E. 2d 510, *disc. rev. denied and appeal dismissed,* 309 N.C. 633, 308 S.E. 2d 716 (1983), *appeal dismissed,* --- U.S. ---, 104 S.Ct. 1583, 80 L.Ed. 2d 117 (1984).

On 10 August 1984, the trial court dismissed all criminal charges against respondent on the grounds that he lacked capacity to proceed to trial, and that he would never regain capacity to proceed. Thereafter, on 22 February 1985, respondent instituted this action. After a hearing, the trial court removed respondent's "House Bill 95" designation. This Court allowed the State's petition for a Writ of Certiorari and Supersedeas.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Augusta B. Turner, for the State.*

*Special Counsel Stephen D. Kaylor for respondent, appellee.*

HEDRICK, Chief Judge.

In its sole assignment of error, the State contends that the trial court erred in removing respondent's "House Bill 95" designation and thereby contravened the requirements of G.S. 122-58.13(b). The State contends that the trial court's order was based on irrelevant considerations. The State argues, more specifically, that the dismissal of the criminal charges against respondent did not affect his "House Bill 95" status. The State argues, also, that the requirements of G.S. 122-58.13(b) may not be sacrificed based upon mere administrative convenience. The thrust of the State's arguments on appeal is that the provisions of

"House Bill 95" and, more specifically, G.S. 122-58.13(b) are mandatory and should not be contravened. We agree.

G.S. 122-58.13(b) (Supp. 1983) (repealed 1985) provides:

> If the respondent was initially committed as the result of conduct resulting in his being charged with a violent crime, including a crime involving an assault with a deadly weapon, and respondent was found not guilty by reason of insanity or incapable of proceeding, 15 days before the respondent's discharge or conditional release the chief of medical services of a public or private mental health facility shall notify the clerk of superior court of the county in which the facility is located of his determination that the respondent is no longer in need of hospitalization. The clerk must then schedule a rehearing to determine the appropriateness of respondent's release under the standards of commitment set forth in G.S. 122-58.8. The clerk shall give notice as provided in G.S. 122-58.11(a). The district attorney of the district where respondent was found not guilty by reason of insanity or incapable of proceeding may represent the State's interest at the hearing.

This section is structured to provide for notice and hearing prior to the release of a respondent who was initially committed after being charged with a violent crime and was found not guilty by reason of insanity or incapable of standing trial. When read *in pari materia* with G.S. 15A-1001 *et seq.* (1983) and with reference to the legislative scheme and purpose of G.S. 122-58.8 *et seq.* (1981 and Supp. 1983) (repealed 1985) this section simply creates an additional procedural safeguard for the public while, simultaneously, providing the respondent the opportunity for release afforded others similarly committed. In other words, by providing for notice and hearing, G.S. 122-58.13(b) (Supp. 1983) (repealed 1985) balances society's right to be protected from violent crimes against respondent's right to be released when he no longer needs hospitalization. *In re Rogers*, 63 N.C. App. 705, 306 S.E. 2d 510, *disc. rev. denied and appeal dismissed*, 309 N.C. 633, 308 S.E. 2d 716 (1983), *appeal dismissed*, --- U.S. ---, 104 S.Ct. 1583, 80 L.Ed. 2d 117 (1984).

The statutory provisions requiring notice and hearing prior to release from involuntary commitment are mandatory and not

---

merely directive. *Id.* at 708, 306 S.E. 2d at 513. The provisions apply in every case where a respondent was initially committed after a judicial determination of not guilty by reason of insanity or incapacity to stand trial. Further, these provisions remain applicable throughout a respondent's commitment. There is nothing in G.S. 122-58.8 *et seq.* (1981 and Supp. 1983) (repealed 1985) which can reasonably be construed to permit waiver of the provisions of G.S. 122-58.13(b) (Supp. 1983) (repealed 1985). Nor should that section be construed to permit waiver or non-compliance with its procedural mandates.

It is presumed that had the legislature intended that the provisions of "House Bill 95" and, more particularly, G.S. 122-58.13(b) (Supp. 1983) (repealed 1985) be limited under certain circumstances, it would have expressed such intent. We, therefore, hold that the trial court erred in ruling that the provisions of "House Bill 95" should no longer be applicable to respondent. The order of the trial court is hereby

Vacated.

Judges WHICHARD and JOHNSON concur.